**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Alfredo Rabi-Barrueto,

Petitioner,

v.

David R Rivas,

Respondent.

No. CV-26-01708-PHX-DWL (CDB)

**ORDER**

This is a habeas corpus action under 28 U.S.C. § 2241 that was referred to Magistrate Judge Bibles for further proceedings and the preparation of a report and recommendation. (Docs. 1, 3.) On April 7, 2026, Respondent filed a response to the habeas petition. (Doc. 10.)  The following day, on April 8, 2026, Judge Bibles *sua sponte* issued an order requiring Respondent to "docket under seal a complete and unredacted copy of every document in every file and record maintained by the Department of Homeland Security and the Executive Office for Immigration Review regarding Petitioner . . . . Respondents shall provide each and every document recording or concerning each action taken by any government agency or officer with regard to the circumstances of Petitioner's apprehension and detention and any record of any hearing before or decision made by an Immigration Judge or immigration officer with regard to Petitioner." (Doc. 11 at 1.)  The order also requires Respondent's counsel to provide a "sworn affidavit . . . that they have completely complied with this Order." (*Id.* at 2.)

On April 14, 2026, Respondent filed an objection asking this Court to overturn the

April 8, 2026 order. (Doc. 12.)  On April 17, 2026, the Court denied that objection without prejudice, explaining that "the situation here is unusual in that Judge Bibles issued the challenged order *sua sponte* and thus has not had an opportunity to consider the merits of Respondent's objections.  Under these circumstances, the most efficient course of action is to deny the Rule 72(a) objection without prejudice so that Respondent may first file a motion for reconsideration asking Judge Bibles to consider the merits of his arguments." (Doc. 13.)  One week later, on April 24, 2026, Respondent filed a motion for reconsideration.  (Doc. 14.)  On April 27, 2026, Judge Bibles issued a short order denying the reconsideration request.  (Doc. 15.)  The only reasoning provided in that order is that "Respondents complied with a substantially similar order in a prior § 2241 immigration detention case in a period of three days."  (*Id.*)  Respondent has, in turn, filed a renewed objection. (Doc. 16.)

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a magistrate judge issues an order resolving a nondispositive matter, "[a] party may serve and file objections to the order within 14 days after being served," after which "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*  "The clearly erroneous standard applies to the magistrate judge's factual findings . . . [while] the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo."  *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (cleaned up).  "Review under the clearly erroneous standard requires considerable deference; the findings . . . stand unless the [reviewing] court has the definite and firm conviction that a mistake has been committed."  *Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999) (citation and internal quotation marks omitted).

Applying these standards, Respondent's objections are, in large part, overruled. Respondent's overarching argument is that because he believes the "sole claim" articulated in the habeas petition is facially invalid, the documents at issue could not possibly be relevant to that claim.  (Doc. 16 at 3-5.)  Respondent further contends that the only

conceivable reason for ordering production of the documents at issue would be to grant relief on grounds not raised in the habeas petition—an outcome that would violate the party-presentation principle. (*Id.* at 5, cleaned up ["Because much of the discovery that the Magistrate Judge seeks does not relate to the claim pled in any way, it is impossible to interpret her order as anything other than an attempt to 'act as [Petitioner's] lawyer' by investigating unmade claims and unpled facts."].)

This line of argument is speculative and overwrought. As an initial matter, simply requiring the production of documents related to Petitioner's immigration history, in a § 2241 proceeding challenging the legality of Petitioner's immigration detention, does not come close to violating the party-presentation principle. If anything, this approach reflects prudence and attention to detail, given that the Court has not always been able to rely on the accuracy of factual representations made by agency representatives or government counsel during the recent surge in § 2241 proceedings. *See, e.g., Sanchez-Hernandez v. Figueroa*, 2026 WL 21259, *2 (D. Ariz. 2026) ("Although Respondents previously asserted (in response to Petitioner's initial motion for a temporary restraining order) that 'Mexico has agreed to accept her,' Respondents then acknowledged in a post-hearing submission that this representation was inaccurate: 'The Government therefore corrects and clarifies its Response in Opposition to the Motion for TRO/PI and states that, as of today's date . . . , Mexico has not affirmatively agreed to accept Petitioner and is generally declining to accept third country removals.") (citations omitted).

More broadly, Respondent acknowledges that "the Court has broad authority to supplement the record under Rule 7(a) of the Rules Governing Section 2254 Cases." (Doc. 16 at 3 & n.2.) "The purpose of Rule 7 is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." *Torres v. Diaz*, 2020 WL 905631, *4 (S.D. Cal. 2020) (cleaned up). The decision whether to expand the record is "committed to the district court's discretion," and it "may . . . be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters,

- 3 -

documentary evidence, and, in an appropriate case, even affidavits." *Williams v. Woodford*, 384 F.3d 567, 590-91 (9th Cir. 2004) (cleaned up).

The Court acknowledges that it is not obvious why at least some subsets of the documents to be produced (such as documents related to Petitioner's apprehension) may be relevant here. Nor do the challenged orders provide a reasoned explanation for the decision to compel production. Even so, the Court cannot say the challenged orders are "clearly erroneous or contrary to law" in the manner that Rule 72(a) requires—as noted above, it is easy to understand why the documents in Petitioner's immigration file may be broadly relevant in this § 2241 proceeding. *Cf. McElroy v. Haviland*, 2010 WL 4689584, *1 (E.D. Cal. 2010) (overruling objection to magistrate judge's order compelling the production of certain records in a § 2254 proceeding and explaining that "because production of [these] records may be required pursuant to Rule 7(a), the court cannot find the magistrate judge's order clearly erroneous or contrary to law"); *Moppins v. Warden Solano State Prison*, 2008 WL 1925224, *1 (E.D. Cal. 2008) ("Although there is no legal basis provided in the [magistrate judge's] Order to support requiring production of the administrative record, production may be compelled under Rule 7(a) of the Rules Governing § 2254 Proceedings. . . . Thus, because production of the administrative record may be required pursuant to Rule 7(a), the court cannot find the magistrate judge's Order clearly erroneous or contrary to law. Considering this court's approval of other similar orders by the magistrate judges, the court does not find respondent's burdensome claim persuasive.").

Respondent next objects on the ground that complying with the production order will create "an extremely heavy burden." (Doc. 16 at 6.) This objection is unavailing. Respondent makes no effort to substantiate this claim of burdensomeness. Also, as noted in Judge Bibles' order denying reconsideration, the government has apparently been able to comply with similar production orders in other recent § 2241 cases without difficulty.

Respondent next objects on the ground that "the Magistrate Judge's order also seems to preclude the government from asserting any privileges or objecting in any way."

- 4 -

(*Id.*)  As for the privilege issue, the Court does not construe the challenged orders as precluding Respondent from attempting to raise a targeted claim of privilege as to any particular document that would otherwise be subject to production (which claim of privilege would be resolved, in the first instance, by Judge Bibles).  At any rate, this concern appears to be hypothetical, as Respondent did not attempt to raise any claim of privilege in his motion for reconsideration to Judge Bibles.  Similarly, to the extent Respondent complains about an inability to "object[] in any way," Respondent had a full opportunity to raise objections in his motion for reconsideration and has now reiterated those objections here.

Respondent's final challenge is to the requirement that "[t]he documents shall be accompanied by a sworn affidavit by counsel for Respondent Rivas that they have completely complied with this Order."  (Doc. 11 at 2.)  Respondent contends this certification requirement is impermissible because his counsel "is not the custodian of any records belonging to the Department of Homeland Security nor the Executive Office for Immigration Review" and "has no access to the databases maintained by either agency and can provide no assurance that all responsive documents have been produced." (Doc. 16 at 6-7.)  These points are well-taken.  By analogy, Rule 26(g) does not require an attorney to certify the accuracy of a discovery response—instead, counsel must simply "certif[y] that to the best of the person's knowledge, information and belief formed after a reasonable inquiry," the disclosure is complete and accurate.  *See also Jianjun Chen v. 2425 Broadway Chao Restaurant, LLC*, 331 F.R.D. 568, 571 (S.D.N.Y. 2019) ("An attorney's inquiry satisfies Rule 26(g) if her inquiry, including her investigation and her resulting conclusions, was objectively reasonable under the circumstances.  In making her inquiry, an attorney may rely, when appropriate, on representations by her client or by other attorneys.  Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request.") (cleaned up).  *See generally* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 26:165 (June 2025 update) ("When an attorney signs a response to a discovery request, the attorney is not certifying that the

- 5 -

contents of the response are accurate or truthful. Federal Rule of Civil Procedure 26(g) does not ask that of the attorney, nor could it. Attorneys typically do not have personal knowledge of the underlying facts. Rather, attorneys typically work with and through their clients to gather the information needed to answer interrogatories and to find documents to respond to a document request. What the signing lawyer vouches for under Rule 26(g) is the legitimacy of the process that leads to the response."). Accordingly, the Court will modify the challenged order to clarify that counsel's declaration of compliance must simply certify that, to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry, the required documents have been produced.

Accordingly,

**IT IS ORDERED** that Respondent's objection (Doc. 16) is **granted in part and denied in part**, as discussed above.

Dated this 30th day of April, 2026.

Dominic W. Lanza
United States District Judge